T.C. Summary Opinion 2002-46

UNITED STATES TAX COURT

MICHAEL J. GENTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9204-00S.              Filed May 6, 2002.

Michael J. Gentner, pro se.

<u>John Aletta</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $3,499 for the taxable year 1998.

The issues for decision are whether, with respect to taxable year 1998, petitioner is entitled to: (1) Four dependency exemption deductions, and (2) four child tax credits.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Stamford, New York, on the date the petition was filed in this case.

Petitioner was separated from his wife at some point in time prior to December 29, 1994. On that date, a temporary support order was entered by the Clerk of the Family Court of the State of New York, County of Schoharie. This order required petitioner to make monthly payments of $780 to his wife for the support of their four children. The order also reflects that a prior Temporary Order of Protection had been issued against petitioner.

After the separation, petitioner continued to pay for medical insurance for the children and for various expenses related to the marital home, including monthly mortgage payments of $410.29 and homeowner's insurance. During 1998, the children resided exclusively in the jointly owned marital home with petitioner's wife; at no time during 1998 did the children reside with petitioner.

Petitioner was granted a divorce in 1999, but the divorce was appealed by petitioner and his wife. The current status of the appeal is unknown, but petitioner's wife has remarried. Petitioner sees his two youngest children once a month and sees the two older children much less frequently. He continues to pay support and provide medical insurance for the children; he paid for medical insurance for his wife through 1999. He has also paid for other expenses for the children over the years, including clothing expenses.

Petitioner filed a Federal income tax return for taxable year 1998 with the filing status married filing separately. For each of his four children, petitioner claimed a dependency exemption deduction and a child tax credit. Petitioner reported the following tax liability:

| | |
|---|---:|
| Pension and annuity income | $31,246 |
| Itemized deductions | (5,214) |
| Personal exemption deduction | (2,700) |
| Dependency exemption deductions | (10,800) |
| Taxable income | 12,532 |
| Tax from tax tables | 1,879 |
| Child tax credits | (1,600) |
| Tax | 279 |

Only what appears to be the cover sheet from the statutory notice of deficiency, without attachments, was introduced into evidence. Consequently, we do not have before us the rationale for respondent's adjustments. The petition, along with the parties' arguments and testimony, center around petitioner's entitlement to the four dependency exemption deductions.

The first issue for decision is whether petitioner is entitled to four dependency exemption deductions for taxable year 1998.

A deduction generally is allowed under section 151(a) for each dependent of a taxpayer. Sec. 151(a), (c)(1). Subject to exceptions and limitations not applicable here, a child of a taxpayer is a dependent of the taxpayer only if the taxpayer provides over half of the child's support for the taxable year. Sec. 152(a). A special rule applies to taxpayer-parents who are divorced, who are separated, or who live apart from their spouses for at least the last 6 months of the calendar year, but who have custody of the child for more than half of the year. Sec. 152(e)(1). Under this rule, the parent with custody of the child for the greater portion of the year (the "custodial parent") generally is treated as having provided over half of the child's support. Id.[1] Custody is defined in the regulations as follows:

> "Custody", for purposes of this section, will be determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree, or, if none, a written separation agreement. In the event of so-called "split" custody, or if neither a decree or agreement establishes who has custody, or if the validity or continuing effect of such decree or agreement is uncertain by reason of proceedings pending on the last day of the calendar year, "custody" will be deemed to be with the

---

[1]For this rule to apply, the parents together must provide over half of the child's support. Sec. 152(e)(1)(A). We assume arguendo that this requirement has been met. If it had not been met, petitioner alone necessarily could not have provided over half of his children's support, as required under sec. 152(a).

parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year.

Sec. 1.152-4(b), Income Tax Regs. One exception to this special rule exists which entitles the noncustodial parent to the dependency exemption deduction. Sec. 152(e). For the exception to apply, the custodial parent must sign a written declaration releasing his or her claim to the deduction, and the noncustodial parent must attach the declaration to his or her tax return. Sec. 152(e)(2).

The record leaves several gaps in the recounting of the legal process relating to petitioner's divorce. However, it appears that the only governing legal document concerning petitioner's custodial relationship with the children, as of 1998, is the temporary order issued in 1994. It is evident from this order--as well as from the fact that the children physically resided exclusively with petitioner's wife--that petitioner's wife was the custodial parent during 1998. Petitioner did not attach to his return a written declaration from his wife releasing her claim to the dependency exemption deductions for 1998. Therefore, petitioner, as the noncustodial parent, is not entitled to the dependency exemption deductions for that year, regardless of the amount he contributed toward the support of his children. Secs. 151 and 152.

The second issue for decision is whether petitioner is entitled to four child tax credits for taxable year 1998.

Subject to limitations and exceptions not applicable here, a $400 credit is allowed to a taxpayer for each qualifying child of the taxpayer. Sec. 24(a). Among other requirements, a qualifying child is one for whom the taxpayer is entitled to a dependency exemption deduction under section 151. Sec. 24(c)(1)(A). Because petitioner is not entitled to the dependency exemption deductions for his children, he also is not entitled to the child tax credits for them.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.